UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE HAUPTMAN,<br><br>　Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, and ENCORE CAPITAL GROUP, INC.<br><br>　Defendants. | CIVIL ACTION<br><br><br>COMPLAINT 1:18-cv-00976<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

NOW COMES the Plaintiff, GEORGE HAUPTMAN ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD, complaining of the Defendants, MIDLAND CREDIT MANAGEMENT, INC. ("MCM"), MIDLAND FUNDING LLC ("Midland") and ENCORE CAPITAL GROUP, INC. (at times "Defendants"), and pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq., the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2. et seq. and Federal Rule of Civil Procedure ("FRCP") 23(a), 23(b)(2) and 23(b)(3) alleges the following:

**NATURE OF THE ACTION, JURISDICTION, PARTIES AND VENUE**

1.  Plaintiff brings this action pursuant to the FDCPA and the ICFA to redress certain false and deceptive statements contained in a dunning letter dated January 3, 2018.

1

2. This action arises under, and is brought pursuant to, the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692k, 28 U.S.C. §§ 1331, 1337, as this action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3. Plaintiff is a natural person residing in the Northern District of Illinois and is a "consumer" as defined by the FDCPA. *See* 15 U.S.C. 1692a(3).

4. MCM is incorporated in the State of Kansas and its principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

5. MCM's registered agent in Illinois is Illinois Corporation Service C located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

6. Midland is incorporated in the State of Delaware and its principal place of business is located at 3111 Camino Del Rio North, Suite 103, San Diego, California 92108.

7. Midland's registered agent in Illinois is Midland Credit Management, Inc., registered at 1821 Walden Office Square, Suite 400, Schaumburg, Illinois 60173.

8. Midland buys consumer debt and utilizes MCM as its debt collector to service accounts for it.

9. Encore is a Delaware Corporation.

10. Encore does not maintain a registered agent in Illinois. Its registered agent and office is Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808.

11. Encore's SEC filing for 2017 states in part:

> We purchase portfolios of defaulted consumer receivables at deep discounts to face value and manage them by working with individuals as they repay their obligations and work toward financial recovery. Defaulted receivables are consumers' unpaid financial commitments to credit originators, including banks, credit unions, consumer finance companies, commercial retailers, and telecommunication companies. Defaulted receivables may also include receivables subject to bankruptcy proceedings.

12. Collectively, Defendants buy and service delinquent consumer debts for others, including a debt allegedly owed by Plaintiff.

13. Venue is proper in this Court pursuant to 28 U.S.C. §1391; Defendants conduct business in the Northern District of Illinois and all of the events or omissions giving rise to the claim occurred within the Northern District of Illinois.

**FACTS SUPPORTING CAUSE OF ACTION**

14. On January 3, 2018, Midland sent Plaintiff a debt collection letter related to a debt allegedly owed to Webbank Fingerhut Credit in the amount of $859.54 ("subject debt"). *See* Exhibit A, a true and correct copy of the January 3, 2018 collection letter.

15. The subject debt was for personal goods and services.

16. Upon information and belief, Midland purchased the subject debt sometime after Plaintiff defaulted on the subject debt.

17. The collection letter listed Webbank Fingerhut Credit as the original creditor and Midland as the current owner of the subject debt. *Id.*

18. The collection letter offered account resolution options as follows:

   a. Option 1: Plaintiff may resolve the subject debt for 40% off of the total amount due if payment is received by February 2, 2018;

   b. Option 2: Plaintiff may resolve the subject debt for 20% off of the total amount due to be paid over 6 months; and

   c. Option 3: Plaintiff may resolve the subject debt by making monthly payments "as low as" $50 per month. *Id.*

19. The collection letter further stated, "The law limits how long you can be sued on a debt. Because of the age of your debt, *we will not sue you for it*" (*emphasis added*) Id.

20. The collection letter also included a detachable payment coupon instructing Plaintiff to return to MCM with a payment. *Id.*

21. The collection letter is threatening, deceptive, and misleading on its face.

22. As the Honorable Harry D. Leinenweber recently held, the subject letter is "materially misleading." *See, Pierre v. Midland Credit Management, Inc.*, 16-cv-2895, Memorandum Opinion and Order, Dkt. 105, p. 14 (February 5, 2018).

23. The collection letter's language concerning Defendants' refusal to sue could have led and caused Plaintiff to believe that he can be sued if Defendants so choose.

24. In actively attempting to deceive Plaintiff into paying the subject debt, Defendants fail to mention to Plaintiff that choosing any of the 3 aforementioned repayment options may restart the statute of limitations on the subject debt.

25. The subject debt is time-barred; the statute of limitations period in Illinois for filing suit to collect on the subject debt had long expired when Plaintiff received the collection letter.

26. It is well settled law in Illinois that repayment on a debt which has expired due to the statute of limitations will be revived through payment by the debtor.

27. "An unqualified admission that a debt is due and unpaid, accompanied by nothing said or done to rebut the presumption of a promise to pay it, it is sufficient to revive the debt against the Statute of Limitations." *Phillip Ross v. St. Clair Foundry Corporation,* 271 Ill.App. 271, 273 (4th Dist. 1933).

28. Defendants attempted to coerce Plaintiff into reviving the debt.

29. "If the debtor clearly admits the debt to be due and unpaid, and uses language indicating an intention to pay it, a new promise to pay is implied." *Phillip Ross v. St. Clair Foundry Corporation,* 271 Ill.App. 271, 273 (4th Dist. 1933).

30. The collection letter is calculated to induce either a payment or a response from Plaintiff acknowledging the debt and a promise to pay.

31. In the event that Plaintiff makes a payment towards the subject debt, the clock will restart on the statute of limitations period for collecting upon the subject debt.

32. Defendants attempted to lure Plaintiff into a trap whereby he will pay towards the time-barred subject debt in exchange for a renewed statute of limitations period.

33. "A new promise to pay a past-due debt which removes a case from the running of the statute of limitations is unlike a normal bargain in that it creates a new debt ..." *Axia Incorporated v. I.C. Harbour Construction Co.* 150 Ill.App.3d 645, 645, 651-52 (2nd Dist. 1986).

34. Defendants' statements within the collection letter are not only deceptive, but baseless, and further add to the state of confusion perpetuated by Defendants' collection practices.

35. "Absent disclosures to consumers as to the age of their debt, the legal enforceability of it, and the consequences of making a payment on it, it is plausible that dunning letters seeking collection on time-barred debts may mislead and deceive unsophisticated consumers." Brief of Amici Curiae Federal Trade Commission and Consumer Financial Protection Bureau at 7, *Delgado v. Capital Management Services, LP*, 2013 WL 1194708 (No. 13-2030).

36. Defendants had no reason to believe that Plaintiff would be able to decipher its jumbled language in the collection letter, nor reconcile it with the conflicting legal nature of the alleged debt.

37. Defendants' communications are intentionally deceptive and confusing to consumers and are designed induce payment on debts that are time-barred.

38. Defendants' harassment techniques are designed to force unsophisticated consumers, such as Plaintiff, to pay time-barred debts in order avoid further harassment, embarrassment, and sheer annoyance.

39. Defendants attempted to revive their right to sue on the subject debt by formulating a scheme to coerce Plaintiff into acknowledging the subject debt and reviving the statute of limitations.

40. Plaintiff has suffered from emotional distress as he believed that he will be sued for a debt for which he cannot be sued.

41. Plaintiff has incurred costs and expenses consulting with his attorneys as a result of Defendants' conduct.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (INDIVIDUAL CLAIM AGAINST ALL DEFENDANTS)

42. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

43. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

44. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction for personal, family, or household purposes.

45. MCM is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephone to collect

delinquent consumer accounts and because its collection activities commenced after the subject debt was in default.

46. Midland is a "debt collector" as defined by §1692a(6) because it regularly purchases debts and uses the mail and/or the telephone to collect delinquent consumer accounts and because its collection activities commenced after the subject debt was in default.

47. Alternatively, Midland is liable for the acts of its agent, MCM.

48. Encore's primary purpose is the collection of debt as it derives a majority of its revenue from the collection of defaulted consumer receivables and it is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

49. Alternatively Encore is liable for the acts of its agents, MCM and/or Midland.

50. Defendants violated 15 U.S.C. §§1692e, e(10), and f, through their debt collection efforts.

### a. Violations of 15 U.S.C. §1692e

51. Defendants violated 15 U.S.C. 1692e by failing to advise Plaintiff that he cannot be sued on the subject debt. The omission is deceptive because it is designed to revive the statute of limitations on a debt that cannot be legally enforced.

52. Defendants 15 U.S.C. §1692e(10) by employing deceptive means to collect the subject debt. Specifically, the collection letter used contradictory and confusing language to induce Plaintiff into paying a debt that cannot be legally enforced.

53. By failing to make clear that Plaintiff cannot be sued on the subject debt led Plaintiff to believe that he may eventually be sued on the subject debt.

### b. Violations of 15 U.S.C. §1692f

54. Defendants violated 15 U.S.C. §1692f by employing unfair means to collect the subject debt from Plaintiff. Specifically, it is unfair for Defendants to conceal from Plaintiff the reality of choosing one of their 3 repayment options.

55. By failing to inform Plaintiff that choosing any of the repayment options would restart the statutory period for bringing suit against him, Defendants acted with knowledge that their conduct would result in Plaintiff forfeiting protections lawfully afforded to him.

56. The subject letter violates 15 U.S.C. § 1692f because it uses unfair and unconscionable means to attempt to collect the alleged debt by (a) failing to disclose that Defendant cannot sue to collect the alleged debt, (b) failing to disclose that even a partial payment or promise to pay restarts the relevant statute of limitations and (c) advising Plaintiff that she had a payment deadline 30 days later.

57. Pursuant to 15 U.S.C. § 1692k, Plaintiff and the Class are entitled to actual damages, statutory damages, attorneys' fees and costs.

WHEREFORE, Plaintiff GEORGE HAUPTMAN respectfully requests that this Honorable Court enter judgment in his favor and against Defendants as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
b. Awarding Plaintiff statutory and actual damages in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### (CLASS ACTION CLAIM AGAINST ALL DEFENDANTS)

58. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

59. As set forth above, the subject dunning letter violates 15 U.S.C. § 1692f because it uses unfair and unconscionable means to attempt to collect the alleged debt by (a) failing to disclose that Defendant cannot sue to collect the alleged debt, (b) failing to disclose that even a partial payment or promise to pay restarts the relevant statute of limitations and (c) advising Plaintiff that he had a payment deadline 30 days later. Pursuant to 15 U.S.C. § 1692k, Plaintiff and the Class are entitled to actual damages, statutory damages, attorneys' fees and costs.

60. Plaintiff brings this Count on behalf of the following putative class

61. The proposed class can be defined as follows:

> All persons with Illinois addresses to whom Midland Credit Management, Inc. sent, from February 6, 2017 through February 6, 2018, a letter containing the following statement: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, we will not report it to any credit reporting agency, and payment or non-payment will not affect your credit score."

62. The Class is so numerous that joinder of all individual members in one action would be impracticable, given the expected Class size and modest value of individual claims.

63. On information and belief, over 100 persons received the same letter during this time period.

64. Excluded from the Classes are: (a) Defendant, its agents, subsidiaries, parents, successors, predecessors, and any entity in which those parties, or their parents have a controlling interest, and those entities' current and former employees, officers, and directors; (b) the Judge to whom this case is assigned and the Judge's immediate family; (c) any person who executes and files a timely request for exclusion from the Class; (d) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (e) the legal representatives, successors and assigns of any such excluded person.

65. There are common questions of law and fact affecting members of the Class, which common questions predominate over questions that may affect individual members. These common questions include, but are not limited to:

    a. Whether Defendants mailed form letters to persons with Illinois addresses seeking to collect alleged time-barred debt without disclosing that Defendant could not sue to collect the alleged debt;

    b. Whether Defendants mailed form letters to persons with Illinois addresses seeking to collect alleged time-barred debt without disclosing that if alleged debtors made any payment toward the alleged debt, they would revive the legal ability to be sued on the alleged debt;

    c. Whether Defendants mailed form letters to persons with Illinois addresses seeking to collect alleged time-barred debt without disclosing that alleged debtors had the option of not paying anything toward the alleged debt without any legal repercussions; and

11

      d.    Whether Defendants' sending of the form letters violated the FDCPA.

66. Plaintiff will fairly and adequately represent the Class members.

67. Plaintiff has no interests that conflict with the interests of Class members.

68. Plaintiff has retained counsel experienced in handling consumer class actions.

69. Neither Plaintiff nor her counsel has any interests that might cause them not to pursue these claims vigorously.

70. This action should be maintained as a class action because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class.

WHEREFORE, Plaintiff, GEORGE HAUPTMAN, respectfully requests that this Honorable Court enter judgment in his favor and in favor of a putative class, and against Defendants, as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying violations;

c. awarding Plaintiff costs and reasonable attorney fees; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III -- VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

### (INDIVIDUAL CLAIM AGAINST ALL DEFENDANTS)

71. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

72. The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, **suppression or omission of such material fact** . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2 (emphasis added).

73. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

74. Plaintiff is "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

75. Defendants' debt collection activities are part of the conduct of trade or commerce in the State of Illinois.

### a. Unfairness and Deception

76. Defendants violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in their attempt to collect a time-barred debt from Plaintiff.

13

77. Defendants' conduct is unfair and deceptive because it does not concretely inform Plaintiff that a partial payment on the subject debt would remove the subject debt from the protections of the statute of limitations.

78. As such, consumers such as Plaintiff, may make a payment in reliance on Defendants' implied representation that they can lawfully collect the subject debt, thus reviving the statute of limitations and exposing Plaintiff to legal liability that did not exist at the time the collection letter was sent by MCM.

79. Defendants intended that Plaintiff make a payment or acknowledge the debt and thus revive the statute of limitations on the subject debt.

80. As pled above, Plaintiff was harmed by Defendants' unfair and deceptive practices.

81. Moreover, upon information and belief, these unfair and deceptive practices are part of a pattern and practice of behavior in which Defendants routinely engage as part of their business model.

82. ICFA further states: The term "person" includes any natural person or his legal representative, partnership, corporation (domestic and foreign), company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust thereof. 815 ILCS 505/1(c).

83. Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. 815 ILCS 505/10a(a).

84. At all times relevant, MCM, acting as agent for Midland, has been responsible for the collection of the subject debt on behalf of Midland. As such, MCM's violations of 815 ILCS 505/2 are therefore imputed to Midland.

85. Alternatively, at all times relevant, MCM, acting as agent for Encore, has been responsible for the collection of the subject debt on behalf of Midland and Encore. As such, MCM's violations of 815 ILCS 505/2 are therefore imputed to Encore.

86. Plaintiff has suffered damages in the form of time spent consulting with his attorneys as a result of Defendants' unlawful collection practices.

87. An award of punitive damages is appropriate because Defendants' conduct described above was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff and consumers, generally.

WHEREFORE, Plaintiff, GEORGE HAUPTMAN, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying violations;

c. awarding Plaintiff costs and reasonable attorney fees; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 6, 2018

Respectfully Submitted,

/s/ Omar T. Sulaiman
Omar T. Sulaiman
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
(630) 575-8141
osulaiman@sulaimanlaw.com

*Additional Counsel*
Ahmad T. Sulaiman
Mohammed O. Badwan
Nathan C. Volheim
James Vlahakis
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 2500
LombHello Mr. Roessler:

I hope this email finds you well.  My name is Kiran Wadia and our office is representing you in your matter against Credit One Bank. The defendant wants to take your deposition on this matter in March. Can you please give me a call so that we can discuss your availability?

Thanks,

Kiran
ard, IL 60148